IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

TRUSTEES OF THE OREGON-WASHINGTON
CARPENTERS-EMPLOYERS TRUST FUNDS,
*et al*,                                                    CV-07-1706-ST

                    Plaintiffs,                  FINDINGS AND
                                                 RECOMMENDATION

        v.

VAN ZANT CONSTRUCTION, INC.,

_____ Defendant. _____

STEWART, Magistrate Judge:

## **INTRODUCTION**

        Plaintiffs, the trustees of various employee welfare benefit plans (health, pension,

vacation, apprenticeship and contract funds) and a union, seek to recover unpaid contributions

for the time period August 1-31, 2006, and from May 1, 2007, to date from defendant, Van Zant

Construction, Inc.  Plaintiffs allege claims for breach of a collective bargaining agreement and

1 - FINDINGS AND RECOMMENDATION

for violations of the Employee Retirement Income Security Act ("ERISA"), 29 USC

§§ 1132(a)(3) and 1145.  This court has jurisdiction over plaintiffs' claims pursuant to ERISA,

29 USC § 1132(e)(1), and the Labor Management Relations Act, 29 USC § 185(a).

Plaintiffs have filed a Motion for Sanctions (docket #18) based on defendant's failure to

comply with an Order to compel the production of documents.  That motion should be granted.

## FINDINGS

Based on defendant's failure to respond to the Complaint after being served, this court

granted plaintiffs' motion for entry of default (docket #8) and entered an Amended Order of

Default on January 3, 2008 (docket #10).  On January 23, 2008, plaintiffs then moved to compel

defendant to produce documents (docket #11).  Defendant did not respond to that motion.  By

Order dated February 11, 2008, this court granted that motion and ordered defendant to produce

responsive documents within 10 days after receiving written notice of the Order from plaintiff

(docket #16).

Plaintiffs personally served that Order on defendant's owner, Sheila Van Zant, on

February 22, 2008, together with a cover letter.  Affidavit of Cary R. Cadonau, ¶ 2 & Exs. A &

B.  On March 14, 2008, plaintiffs' attorney, Cary R. Cadonau, spoke with Ms. Van Zant who

assured him that the responsive documents would be produced during the week of March 17,

2008.  *Id*, ¶ 3.  Mr. Cadonau advised Ms. Van Zant that he would file a motion for sanctions if

the responsive documents were not produced by then.  *Id*.  That same day, Mr. Cadonau sent a

confirming email to Ms. Van Zant.  *Id*, ¶ 3 & Ex. C.  To date, no responsive documents have

been produced.  *Id*, ¶ 4.  Hence, plaintiffs have filed this motion to compel, requesting such

sanctions as the court deems proper, including a finding of contempt, not allowing defendant to

defendant against this action (even if plaintiffs file an amended complaint after receiving

responsive documents) and an award of attorney fees related to this discovery dispute.

Sanctions for discovery abuse are governed by Federal Rules of Civil Procedure

("FRCP") 37.  If a party "fails to obey an order to provide or permit discovery," including an

order to compel, then FRCP 37(b)(2) authorizes the court to "issue further just orders,"

including:

> (i)  directing that the matters embraced in the order or other designated
> facts be taken as established for purposes of the action, as the prevailing
> party claims;
> (ii)  prohibiting the disobedient party from supporting or opposing
> designated claims or defenses, or from introducing designated matters in
> evidence:
> (iii)  striking pleadings in whole or in part;
> (iv)  staying further proceedings until the order is obeyed;
> (v)  dismissing the action or proceeding in whole or in part;
> (vi)  rendering a default judgment against the disobedient party; or
> (vii) treating as contempt of court the failure to obey any order except an
> order to submit to a physical or mental examination.

The decision to impose sanctions under FRCP 37 is left to the court's discretion.

*National Hockey League v. Metro. Hockey Club, Inc.,* 427 US 639 (1976); *Forro Precision, Inc.*

*v. IBM Corp .,* 673 F2d 1045, 1053 (9th Cir 1982).  In that regard, the district court "has great

latitude."  *Dahl v. City of Huntington Beach,* 84 F3d 363, 367 (9th Cir 1996). Exercise of that

discretion has been "encouraged" when "counsel or a party has acted willfully or in bad faith in

failing to comply with rules of discovery or with court orders enforcing the rules or in flagrant

disregard of those rules and orders."  *G-K Properties v. Redevelopment Agency of the City of San*

*Jose,* 577 F2d 645, 647 (9th Cir 1978).  As explained by the Ninth Circuit:

> Litigants who are willful in halting the discovery process act in opposition
> to the authority of the court and cause impermissible prejudice to their
> opponents. It is even more important to note, in this era of crowded

> dockets, that they also deprive other litigants of an opportunity to use the
> courts as a serious dispute-settlement mechanism.

*Id.*

A court may impose even the "most severe" sanction, "not merely to penalize those whose conduct may be deemed to warrant such a sanction, but to deter those who might be tempted to such conduct in the absence of such a deterrent." *National Hockey League,* 427 US at 643 (affirming extreme sanction of dismissal for violation of FRCP 37).

Because defendant has not complied with this court's Order to produce responsive documents, plaintiffs clearly are entitled to sanctions pursuant to FRCP 37(b)(2).  Based on defendant's default, plaintiffs could just as easily have sought a default judgment.  They do not explain why they instead chose this course of seeking sanctions for failure to comply with a court order.

The difficulty is determining the appropriate sanction to impose.  At a minimum, plaintiffs are entitled to recover their attorney fees pursuant to FRCP 37(b)(3) which states that "[i[nstead of or in addition to" the above sanctions, "the court must require the party failing to act . . . to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or that other circumstances make an award of expenses unjust." Once fees are found to be caused by noncompliance, the burden of showing substantial justification or special circumstances for the failure to comply is on the party against whom an award is sought. *Hyde & Drath v. Baker,* 24 F3d 1162, 1171 (9th Cir 1994).

Here plaintiffs made a good faith effort to obtain the discovery without court action.  This court has received no information from defendant to conclude that its failure to produce documents was substantially justified or that any other circumstances make an award of expenses

4 - FINDINGS AND RECOMMENDATION

unjust.  Accordingly, plaintiffs are entitled to recover their costs, including reasonable attorney's fees, incurred in making this motion.

As for additional sanctions, plaintiffs request the court to issue a finding of contempt. That sanction is not appropriate because defendant has already been defaulted based on its nonappearance.  Given that it has chosen not to defend this case, logically it cannot be sanctioned for failing to comply with any court order.  Instead, it is only obligated to pay any judgment that might be rendered against it.

Plaintiffs also request the sanction of not allowing defendant to defend this action. Because plaintiffs are defaulted, they currently are not defending against this action.  However, plaintiffs suggest that they may file an amended complaint if and when responsive documents are received from defendant.  If plaintiffs do receive those documents and file an amended complaint, then defendant conceivably could make an appearance to defend the new claims. Whether that is an appropriate sanction depends entirely on the new claims alleged by plaintiffs. Assuming that the new claims are similar to and based on the same underlying facts as the current claims, such as adding time periods for nonpayment, then this may well be an appropriate sanction.  Defendant should not be able to delay this case by failing to produce documents when ordered and then decide at the last moment to appear and cause further delay.

This is not a case where any lesser sanctions are feasible.  Furthermore, defendant has been explicitly warned that its failure to comply with the Order to compel would result in sanctions.  The record demonstrates a pattern of noncompliance and delay by defendant in the face of explicit warnings regarding the consequences of its conduct.  Thus, it appears that no sanction short of a entering a permanent default that will cure the underlying problem.

5 - FINDINGS AND RECOMMENDATION

However, if plaintiffs allege entirely new claims based on new facts, such as a tort claim, then the situation has changed.  At that point, defendant may justifiably decide to mount a defense to those new claims and should not be foreclosed from doing so.

## RECOMMENDATION

For the reasons set forth above, plaintiffs' Motion for Sanctions (docket # 18) should be GRANTED and the court should order that:

(1)  Defendant is liable for plaintiffs' attorney fees incurred to bring this motion; and

(2) Even if defendant produces responsive documents to plaintiffs, it is prohibited from opposing plaintiffs' claims or any new or amended claims arising out of the facts alleged in the Complaint.

## SCHEDULING ORDER

Objections to this  Findings and Recommendation, if any, are due **May 20, 2008**.  If no objections are filed, then the Findings and Recommendations will be referred to a district judge and go under advisement on that date.

If objections are filed, then a response is due within 10 days after being served with a copy of the objections.  When the response is due or filed, whichever date is earlier, the Findings and Recommendation will be referred to a district judge and go under advisement.

DATED this 6th day of May, 2008.

_____
Janice M. Stewart
United States Magistrate Judge